The People *vs.* Jane M'Murray.   *Assault and Battery.*

JANE M'MURRAY was charged with committing an as-
Less confi- sault and battery on Mrs. Parker, on the 6th day of June,
dence is to be
placed in the 1822.
testimony of
a prosecutor   It appeared in evidence, that Mrs. Parker was a respct-
than an im- able woman, living in the Bowery, and kept a small store ;
partial wit-
ness.   that the defendant came to her store and purchased one
half-a-dollar's worth of paint ; telling Mrs. Parker she
, might wait until the afternoon for the money, or send her
little girl with her home for it.   Mrs. Parker replied to
her, " it makes no difference, you can stop as you pass,
and leave it."   She, however, did not call ; and a few days
after Mrs. Parker went after her to obtain payment.—
She had told Mrs. Parker, when she purchased the paint,
that she lived at the house of Mr. Hays.   She went to
his house and found she did not live there, but after-
wards found out where she did live, and demanded pay-
ment of the article ; the defendant put her off from time
to time, until Mrs. Parker threatened her with a suit.—
On Friday afternoon she went again to her house, and
demanded payment.   The defendant was up stairs paint-

ing one of the rooms, and as Mrs. Parker was returning from the house, passing the steps of the door, a quantity of paint was dripped from a brush out of the second story window upon her; which effectually destroyed her silk dress. Mrs. Parker testified that it could be no other person but Jane, for there was no other person in the room.

*Price*, counsel for the defendant, called Elizabeth Douglass; who swore that she was in the room at the time, and that Jane M'Murray did not throw the paint upon Mrs. Parker. Upon her being asked by *Maxwell, District Attorney*, who did throw it, replied she could not answer for fear of criminating herself; intimating that she was the person who threw it and not the defendant.

The Court told the jury " that it was for them to decide " upon the contradictory testimony of the prosecutor, and " the witness for the prisoner ; if they believed that each of " them was entitled to the same degree of confidence, in " point of veracity, yet the situation they stood in before " the Court deserved their attention ; the law has allowed " a prosecutor to be a witness, but it would be supposing an "impossibility, to suppose they did not view their case with " partiality, and that less credit ought to be given to the " testimony of a prosecutor, than to a disinterested witness, " who comes before the Court not impassioned by previous " circumstances, and nothing to hope or fear from the re- "sult of the prosecution." On some of the jury's expressing a doubt whether the charge amounted to an assault and battery or not, the Court said the offence, if proved, clearly amounted to an assault and battery. The jury found the defendent not guilty.

Note.—There can be no doubt of the legality of this decision. When the true situation of the prosecutor and the culprit are considered, we would find it impossible to bring our mind to believe that he can

*Margin notes:*

NEW-YORK, Nov. 1822.

The People, *vs.* J. M'Murray.

Sprinkling paint upon a person from the second story of a house is an assault and battery.

NEW-YORK
Nov. 1822.

be altogether indifferent to the issue of the case he prosecutes. There are a thousand little circumstances that are calculated to raise his passion above the level of an honest indifference for the termination of a trial to which he himself has, in feeling become a party. Hence the bias he must almost infallibly receive.

A great lawyer, speaking of prosecutors, has said, " I have found them, "in the course of my experience, generally very anxious to obtain a " conviction of the unfortunate wretch upon his trial; and I may, with "equal safety, say, that I have seldom found any unwillingness on the " part of witnesses to give evidence. Indeed, I have had occasion " much oftener to rebuke them for their over zeal in the cause of jus- " tice, than to admonish them to give their testimony." Lord Ellenborough's speech in the House of Lords, on the Bill relative to Stealing in Shops, &c. 30th May, 1810.